# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| AARON ANTHONY GRAY, | |
| Plaintiff, | Civil No. 19-15867 (RMB/KMW) |
| v. | **ORDER** |
| MICHAEL J. HAGNER, et al., | |
| Defendants. | |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon Plaintiff Aaron Anthony Gray's filing of a pro se Complaint [Dkt. No. 1] against Michael J. Hagner, Robert W. Bell, Lori Batten, Kaitlyn Compari, Cory Ferguson, Camden County Corrections, the Voorhees Township Police Department, the Municipality of Voorhees, the State of New Jersey, the Camden County Prosecutor's Office, and McDonald's (collectively, "Defendants"). In the pro se Complaint, Plaintiff attempts to assert causes of action under 42 U.S.C. § 1983, alleging that Defendants deprived him of his constitutional rights through false arrest and imprisonment and malicious prosecution. Along with his Complaint, Plaintiff filed an application for permission to proceed in forma pauperis ("IFP")[Dkt. No. 1-1].

For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the pro se Complaint on the docket. However, because Plaintiff is proceeding IFP, the Court is required to screen his Complaint for sua sponte dismissal and finds that it should be **DISMISSED WITHOUT PREJUDICE**.

I. **IFP APPLICATION**

When a non-prisoner files an IFP Application, seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiff has established that he lacks the financial ability to pay the filing fee. Accordingly, the Court will grant Plaintiff's IFP Application.

## II. **LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL**

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action <u>sua sponte</u> "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); <u>Ball v. Famiglio</u>, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

Federal Rule of Civil Procedure 8(a) requires that a complaint contain:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

To survive <u>sua sponte</u> screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMS Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

3

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520–21(1972).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086–87 (3d Cir.1995). A determination of "maliciousness" requires a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the defendant. Id. at 1086. Examples of malicious claims can include those that "duplicate ... allegations of another ...

4

federal lawsuit by the same plaintiff." Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993).

III. **DISCUSSION**

In Plaintiff's pro se Complaint, which spans over ten handwritten pages, Plaintiff attempts to assert § 1983 claims against eleven defendants. To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a state actor or a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

### A. *Improper Defendants*

Upon review, this Court finds that most of the parties named as defendants in this case are immune from suit under § 1983. As explained by the Third Circuit, § 1983 imposes liability only upon "persons" who deprive others of "any rights, privileges, or immunities secured by the Constitution." See Mawson v. Court of Common Pleas of Luzerne Cty., PA, 229 F. App'x 185, 186 (3d Cir. 2007)(citing 42 U.S.C. § 1983). It appears that no fewer than seven of the defendants named in this case are immune from suit.

First, neither states nor divisions of state government are "persons" for purposes of § 1983 liability. Mawson, 229 F. App'x at 186 (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 70-71(1989)). Therefore, the State of New Jersey is immune from suit and must be dismissed as a defendant.

Second, Plaintiff's claim against Kaitlyn Compari, Assistant Prosecutor for Camden County, must be dismissed because "Prosecutors have absolute immunity from suit under § 1983 when carrying out prosecutorial functions." Hyatt v. Cty. of Passaic, 340 F. App'x 833, 837 (3d Cir. 2009)(citing Imbler v. Pachtman, 424 U.S. 409, 427–31 (1976)).

Third, Plaintiff also attempts to assert causes of action against various other entities that are not "persons" under § 1983. For example, Camden County Corrections is not a proper defendant because "it is well established that jail facilities are not considered 'persons' for purposes of § 1983 liability." Williams v. Brown, 2007 WL 2079935, at *2 (D.N.J. July 17, 2007). Additionally, the Voorhees Township Police Department and the Camden County Prosecutor's Office must be dismissed because they are "governmental sub-unit[s] that [are] not distinct from the municipality of which [they are] a part." See Jackson v. City of Erie Police Dep't, 570 F. App'x 112, 114 (3d Cir. 2014)(holding that the district court correctly dismissed

the police department because it was not a "person" against whom a suit could be lodged under § 1983).

Finally, Plaintiff's claims against Lori Batten (manager of McDonald's) and McDonald's also must be dismissed because neither appear to be state actors or individuals acting "under color of state law." See Leshko v. Servis, 423 F.3d 337, 339-340 (3d Cir. 2005)(discussing the definition of "state action" under § 1983). As far as the Court can discern, both Lori Batten and McDonald's are private parties who should not be subject to liability under § 1983.

### B. *Other Deficiencies*

The Court finds that Plaintiff's pro se Complaint has various other pleading deficiencies under Fed. R. Civ. P. 8(a). First, as written, it is unclear what form of relief Plaintiff is seeking. Notably, in the section of the pro se complaint form labeled "relief," Plaintiff states that he "would like the courts to require a reform on alleged 'smell of marijuana' that violates the 4th amendment rights." Dkt. No. 1, at p. 4. Even setting aside the multitude of problems with Plaintiff's request for this Court to institute legislative reforms, Plaintiff's Complaint does not even allege that he was stopped, searched, or arrested, based on a "smell of marijuana." Rather, Plaintiff alleges that he was stopped and searched by police because

7

either he, or another occupant of his vehicle, had used counterfeit currency at a McDonald's location.

Ultimately, based on Plaintiff's stream-of-consciousness, handwritten Complaint, the Court struggles to discern what conduct Plaintiff is alleging is actionable, and what conduct is simply being provided as background information.  Indeed, dismissal is warranted where a complaint is so "excessively voluminous and unfocused" that it "defies any attempt to meaningfully answer or plead to it." See Binsack v. Lackawanna Cty. Prison, 438 F. App'x 158, 160 (3d Cir. 2011).  Accordingly, Plaintiff's Complaint will be dismissed without prejudice.

Plaintiff will be afforded an opportunity to amend the Complaint.  However, any amended complaint should comport with Rule 8's requirement of "simple, concise, and direct" averments and need not delve into such explicit detail that it becomes overly burdensome for the Court or Defendants to determine the grounds on which Plaintiff seeks relief.  Should Plaintiff choose to amend and continue to pursue this matter, Plaintiff should focus on the facts that he believes, in good faith, give rise to a cause of action in this suit, specifically identifying which Defendants are alleged to have taken which acts and on what grounds those acts provide Plaintiff with an entitlement to relief.  Frivolous allegations or tactics by any litigant before

this Court will be addressed with appropriate sanctions, both monetary and non-monetary, such as dismissal with prejudice.

**IV.** <u>**CONCLUSION**</u>

For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED** and the Clerk of the Court will be directed to file the <u>pro se</u> Complaint on the docket. Upon screening, however, the Complaint will be **DISMISSED WITHOUT PREJUDICE**. An appropriate Order shall issue on this day.

DATED: October 10, 2019

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE