```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
                        CAMDEN VICINAGE
```

AARON ANTHONY GRAY                :
                                  :   Civ. No. 19-15867(RMB-KMW)
          Plaintiff               :
                                  :
     v.                           :        **OPINION**
                                  :
MICHAEL J. HAGNER, *et al.*,      :
                                  :
          Defendants              :

BUMB, United States District Judge

This matter comes before the Court upon Plaintiff's pro se motion for leave to file an amended complaint. On July 26, 2019, Plaintiff filed a civil rights complaint and the Court granted his application to proceed *in forma pauperis*. (Compl., Dkt. No. 1; Order, Dkt. No. 3.) As required by 28 U.S.C. § 1915(e)(2)(B), the Court screened the complaint and dismissed it without prejudice based on immunity of certain defendants and failure to state a claim. (Opinion, Dkt. No. 2; Order, Dkt. No. 3.) In the screening opinion (Dkt. No. 2), the Court granted Plaintiff permission to file an amended complaint within thirty days of the order dismissing his original complaint, and Plaintiff timely filed an amended complaint. (Am. Compl., Dkt. No. 4.)[1] Therefore, the Court will dismiss as moot Plaintiff's two motions for leave to file an

---

[1] Plaintiff filed a virtually duplicative amended complaint on December 3, 2019, although that amended complaint did not list the parties. (Dkt. No. 5.)

amended complaint (Dkt. Nos. 4 and 5.) The Court will screen the amended complaint, as required by 28 U.S.C. § 1915(e)(2)(B).

I.  *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint, however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

2

the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II. DISCUSSION

    A.   The Amended Complaint

Plaintiff's amended complaint (Dkt. No. 4) arises out of an incident at a McDonald's restaurant in Voorhees Township on August 4, 2017. Plaintiff alleges that Lori Batten, a McDonald's employee, mistakenly suspected that Plaintiff was a person whom she believed was involved in criminal activity at that McDonald's restaurant on a prior occasion. Plaintiff alleges he was ultimately charged with forgery and possession of forgery devices but the case was dismissed.

On August 4, 2017, Batten called the Voorhees Township Police Department. In response to Ms. Batten's call, Officer Michael J. Hagnar stopped Plaintiff's car. Plaintiff alleges Hagnar lied by referring to the incident as a "traffic stop" because no traffic citation was issued. Instead, Plaintiff alleges he was stopped because he is black and Hagnar is white, and the only information Hagnar had was that Plaintiff and his associate were driving a BMW.

According to Plaintiff, Officer Robert W. Bell[2] and Sergeant Hawkins "helped the conspiracy to violate my constitutional rights." (Am. Compl., Dkt. No. 4 at 13.) As a result of the traffic stop, Plaintiff alleges he suffered anxiety attacks and was "assaulted with handcuffs" and taken to John F. Kennedy Hospital for medical attention. Plaintiff further alleges that Officer Hagnar, Sergeant Hawkins, Officer Bell, Detective M. Perez and Sergeant Fowler wrote false reports in support of his arrest.[3] Plaintiff claims that it is evident from the police reports, and by a court's subsequent dismissal of the charges, that the police lacked probable cause for a traffic stop, thus violating the Fourth

---

[2] It isn't clear whether the Defendant is "Robert Bell" or "Robert Belli." The Court will refer to the defendant as Robert Bell, as in the previous Opinion and Order.

[3] Plaintiff did not name Hawkins, Perez or Fowler as defendants in the list of parties in the amended complaint.

4

Amendment. Plaintiff does not explain what information was in the police reports or the basis for dismissal of his criminal case.

Plaintiff further alleges that these officers conducted an improper line-up in a public street, where McDonald's employee Lori Batten was driven by in a police car and identified Plaintiff. Plaintiff alleges Batten gave inconsistent statements about his alleged criminal activity. He further alleges that a few days later, on August 9, 2017, Detective Perez tried to force Batten to give a positive identification of Plaintiff, but that she could not identify him with 100% certainty.

Going back to the events on August 4, 2017, Plaintiff alleges that after he was taken to the hospital for anxiety attacks, he was medically cleared to be detained in the Camden County Correctional Facility ("CCCF"). The Camden County Prosecutor's Office obtained an Indictment against him, allegedly without confirming that the police reports were correct. Plaintiff brings claims of malicious prosecution and violation of the Fourth Amendment by unreasonable search and seizure because "all charges were dismissed by the Camden County Superior Court for reasons that can be obtained from the Superior Court through transcripts." (Am. Compl., Dkt. No. 4 at 23.)

Plaintiff also brings claims arising out of an incident that occurred at CCCF on April 16, 2019. Plaintiff alleges that correctional officers yelled for him to exit the shower but he

5

could not do so because there was soap on his body. The correctional officers threatened force to remove him, which caused him psychological trauma. Plaintiff alleges that the Disciplinary Department of Camden County Corrections deprived him of an impartial hearing, in violation of his right to due process and the cruel and unusual punishments clause of the Eighth Amendment. With respect to these allegations, Plaintiff brings claims under the Fourteenth and Eighth Amendments[4] against Sergeant Christopher Jones, Correctional Officer Roberto Rodriguez, Correctional Officer Cory Ferguson, Lieutenant Reginald Adkins, Sergeant R. Maksymowicz, and the following members of the Camden County Corrections Disciplinary Committee: Sergeant L. Diedrick, H. Hall and Captain Linda Blackwell (the "CCCF Defendants").

B.  Section 1983 Claims

Plaintiff asserts jurisdiction under 42 U.S.C. § 1983 and, for relief, he seeks monetary damages. He brings claims against the Voorhees police officers and Camden County corrections officers in their individual and official capacities.[5]

---

[4] Eighth Amendment claims apply only to convicted prisoners. See Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (2003). Therefore, the Court will address Plaintiff's claims under the Fourteenth Amendment.

[5] To bring a Section 1983 claim against county employees in their official capacities, a plaintiff must allege the county defendants had maintained a policy or custom that caused a deprivation of constitutional rights. Doby v. DeCrescenzo, 171 F.3d 858, 867 (3d Cir. 1999). Because the Court finds that the amended complaint

6

1. Standard of Law

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

2. Improper Defendants

In his amended complaint, Plaintiff has reasserted claims against defendants whom this Court dismissed from his original complaint because they are immune from suits for money damages under 42 U.S.C. § 1983. (See Opinion, Dkt. No. 2; Order, Dkt. No. 3.) Here, Plaintiff seeks only money damages. Therefore,

---

fails to state any constitutional violation Section 1983, the claims against Voorhees Township also fail.

7

Plaintiff's § 1983 claims against the State of New Jersey, Camden County Corrections, Voorhees Township Police Department, Camden County Prosecutor's Office,[6] Kaitlin Compari, McDonald's Corporation and Lori Batten are dismissed with prejudice.

### 3. Fourth Amendment Claims

Plaintiff alleges the Voorhees Police Officer Defendants[7] conducted an unreasonable search and seizure by stopping his car, conducting a drive-by line-up, and arresting him based on Ms. Batten's phone call. Plaintiff does not say what Ms. Batten told the police but alleges it was false. Further, he does not explain what the officers wrote in their reports that was false or how the officers knew that the reports were false.

The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." El v. Wehling,

---

[6]

[7] In addition to suing Officer Hagnar and Officer Bell of the Vorhees Township Police Department, Plaintiff seeks to hold Voorhees Township liable for their alleged misconduct. However, because the Court concludes that Plaintiff fails to state a Fourth Amendment claim, the Monell claim against Voorhees Township is dismissed as well. See generally Monell v. Department of Social Servs., 436 U.S. 658, 694 (1978).

No. CIV.A. 12-7750 JBS, 2015 WL 1877667, at *7 (D.N.J. Apr. 23, 2015) (quoting U.S. Const. amend. IV.) "A well-established exception to the Fourth Amendment's warrant requirement permits an officer to 'conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot.'" United States v. Lewis, 672 F.3d 232, 237 (3d Cir. 2012) (quoting Illinois v. Wardlow, 528 U.S. 119, 123 (2000) (citing Terry v. Ohio, 392 U.S. 1, 30 (1968)). In the context of a traffic stop, the Fourth Amendment permits even a pretextual stop, if it is supported by reasonable suspicion of a traffic violation. United States v. Lewis, 672 F.3d 232, 237 (3d Cir. 2012). "[A] pretextual traffic stop requires the officer to have observed a traffic violation prior to initiating the traffic stop." Id.

It is not clear from the amended complaint that Plaintiff was stopped in his car based on a police officer's belief that he had violated a traffic law or if he was stopped because a McDonald's employee had called the police and reported her suspicion that Plaintiff was involved in criminal activity. Either way, the amended complaint simply does not contain sufficient information to conclude whether the stop was reasonable.

Plaintiff also alleges he was falsely arrested without a warrant, leading to his detention in CCCF. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." Manuel v. City of Joliet, Ill., 137 S.

9

Ct. 911, 918 (2017). Id. at 918. "'[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested.'" Dempsey v. Bucknell University, 834 F.3d 457, 467 (3d Cir. 2016) (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 483 (3d Cir. 1995)). "'[P]retrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case." Manuel, 137 S. Ct. at 918.

Plaintiff's false arrest/false imprisonment claim suffers the same flaw as his unreasonable search claim, he does not explain the basis for his allegation that the police lacked probable cause to arrest him but merely alleges that the police reports were false. "[I]t is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Iqbal, 129 S. Ct. at 1949)). The Court concludes that Plaintiff fails to state a Fourth Amendment false arrest or false imprisonment claim under § 1983.

    4.  Fourteenth Amendment Selective Enforcement Claim

Plaintiff alleges that his traffic stop was racially motivated because he is black.

10

> To establish a selective-enforcement claim, a plaintiff must demonstrate (1) that he was treated differently from other similarly situated individuals, and (2) "that this selective treatment was based on an 'unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'"

Dique v. New Jersey State Police, 603 F.3d 181, 184 n.5 (3d Cir. 2010) (quoting Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir. 2005) (quoting Holder v. City of Allentown, 987 F.2d 188, 197 (3d Cir. 1993)).

Plaintiff has not identified any similarly situated persons who were treated differently. Further, his allegation of race-based discrimination is contrary to his allegation that Lori Batten contacted the Voorhees Police Department and falsely accused him of criminal activity. Therefore, Plaintiff fails to state a Fourth Amendment selective enforcement claim.

### 5. Fourteenth Amendment Fabrication of Evidence Claim

Plaintiff alleges the Camden County Prosecutor used false police reports to get an Indictment against him without verifying the truth of the reports, and the charges against him were ultimately dismissed. As noted above, the prosecutor is immune from this claim. Plaintiff appears to allege that all of the police reports were false, but he does not explain how they were false.

An acquitted defendant can bring a Fourteenth Amendment claim based on fabrication of evidence "if 'there is a reasonable

11

likelihood that, absent that fabricated evidence, the defendant would not have been criminally charged.'" Klein v. Madison, 374 F. Supp. 3d 389, 425–26 (E.D. Pa. 2019) (quoting Boseman v. Upper Providence Twp., 680 F. App'x 65, 69 (3d Cir. 2017) (quoting Black v. Montgomery County, 835 F.3d 369, 371 (3d Cir. 2016)). Plaintiff's allegations are wholly conclusory. Thus, he has not pled sufficient facts to state a Fourteenth Amendment fabrication of evidence claim.

      6.    Fourth Amendment Excessive Force Claim

The Court construes Plaintiff's allegation that he was "assaulted by handcuffs" and taken to the hospital as a claim that the arresting officers used excessive force upon his arrest. To state a Fourth Amendment claim of unreasonable search and seizure based on excessive force:

> [t]he reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation. Its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether she is actively

12

> resisting arrest or attempting to evade arrest by flight. These circumstances include the severity of injury resulting from the force used, though the absence of injury does not legitimize otherwise excessive force.

Graham-Smith v. Wilkes-Barre Police Dep't, 739 F. App'x 727, 730-31 (3d Cir. 2018) (internal quotations and citations omitted). Plaintiff's bare allegation is insufficient to conclude that Defendants used excessive force in handcuffing Plaintiff.

       7.    <u>Fourteenth Amendment Due Process Claim</u>

Plaintiff asserts due process claims against the correctional officers who, the Court infers, charged him with a prison disciplinary infraction for not exiting the shower when ordered to do so.[8] There is no cognizable due process claim against the correctional officers simply because they charged Plaintiff with a disciplinary violation.

Plaintiff also asserts claims against the Disciplinary Committee members for not affording him an impartial hearing. Plaintiff does not allege how the Disciplinary Committee members were impartial nor does he allege what sanctions were imposed on

---

[8] The amended complaint also makes reference to the use of pepper spray. Plaintiff does not explicitly allege that any Camden County correctional officer used pepper spray against him when he was ordered to leave the shower. Therefore, the Court will not construe the amended complaint as raising a Fourteenth Amendment Due Process claim for excessive use of force. Moreover, the amended complaint lacks sufficient description of the shower incident for the court to determine whether any officer reasonably used pepper spray under the circumstances.

13

him. For a due process claim to exist under § 1983 in the context of prison disciplinary hearing, a plaintiff must allege that he was deprived of a protected liberty interest because he was subjected to "additional restrictions" that imposed "an atypical and significant hardship in relation to the ordinary incidents of prison life." Torres v. Fauver, 292 F.3d 141, 151 (3d Cir. 2002) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Examples of such deprivations are loss of good time credits and indefinite, harsh administrative detention. Id. Plaintiff has not alleged what sanctions were imposed on him. Therefore, he fails to state a Fourteenth Amendment procedural due process claim under § 1983.

C. State Law Claims

Plaintiff also asserts all of the above claims under New Jersey state law and he further brings a claim of slander under state law. "'[F]ederal Courts are courts of limited jurisdiction.'" Home Depot U.S.A., Inc. v. Jackson, 139 S. Ct. 1743, 1746, reh'g denied, 140 S. Ct. 17 (2019) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U. S. 375, 377 (1994)). Not having alleged diversity jurisdiction, Plaintiff must rely on the court's exercise of supplemental jurisdiction over his state law claims under 28 U.S.C. § 1367(a). Here, Plaintiff has failed to state a claim under federal law. Therefore, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. See 28 U.S.C. § 1367(c)(3).

14

III. CONCLUSION

　　　For the reasons discussed above, the Court will dismiss amended the complaint without prejudice.


An appropriate order follows.


DATE:　June 11, 2020　　　　　　　　　　　　s/Renée Marie Bumb
　　　　　　　　　　　　　　　　　　　　　　**RENÉE MARIE BUMB**
　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**